## SUPREME COURT.

### TRUSCUTT agt. KING et al.

*Costs* of an appeal (or a suit) commenced in chancery prior to the first day of July, 1848, and decided since the passage of the amended code, must be taxed according to the fees allowed in chancery, under the old fee bill. The code (amended) has expressly excepted from its operation suits pending previous to the first day of July, 1848, (§§ 8, 471.)

*At chambers, Nov.* 24. 1849.—In this case S. D. VAN SCHAACK, Esq. presented for taxation a bill of costs made out according to the provisions of the code.

A. TABER, Esq., opposed the taxation on the ground that the bill ought to have been according to the fees allowed in chancery previous to the code. The bill amounted to over $130. It was agreed that if made out under the Revised Statutes it would be about $40 less.

The bill was for costs of an appeal from a decree in chancery, made by the late Vice-Chancellor of the 8th circuit. . The decree was affirmed at the last September general term in this district. It was conceded that the appeal was brought before the code took effect.

Mr. VAN SCHAACK insisted that the former fee bill was absolutely repealed, (§ 303 of code,) and that in all cases decided since the code took effect, the costs were to be allowed according to its provisions.

Mr. TABER claimed that, by the provisions of the code, it was not applicable in suits pending at the time it took effect.

PARKER, Justice.—The general rule undoubtedly is, that in the absence of any statutory exception the costs would be governed by the statute (regulating costs) in force when judgment was rendered, although that statute was passed after the commencement of the suit. But the code has expressly excepted from its operation suits pending prior to

the first day of July, 1848.    (Code, §§ 8, 471.)    By a subsequent sta-
tute, certain sections of the code are made applicable to "existing suits,"
but those regulating "costs in civil actions" are not among the number.

There is no doubt but this bill of costs should be made out accord-
ing the late chancery fee bill.    The case of (*Holmes* v. *St. John*, 2 Code
Rep. 46,) is not inconsistent with this view of the law.    The question
there presented was whether costs should be allowed under the code, or
the amended code, the suit being commenced before the code was
amended and decided afterwards ; and Mr. Justice WELLES was clearly
right in holding that in such case costs must be governed by the amend-
ed code.    The misapprehension of the point decided in that case has
arisen from the too general language made use of by the reporter in his
marginal note.    The bill was withdrawn to be modified accordingly. ·